S. S. GAY, ADMINISTRATOR, v. WOODMEN OF THE WORLD.

(Filed 18 February, 1920.)

**Insurance, Life— Fraternal Orders— Representations— Warranties— Actions—Statutes.**

Rev., 4794, amended by ch. 46, Laws 1913, groups benevolent life insurance companies providing death benefits in excess of $300, in any year to any one person, as fraternal benefit associations, and those of $300 or less, as fraternal orders, and to the former, sec. 4795, relating to fraternal orders, does not apply, and hence fraternal benefit associations fall within the provision of sec. 4808, that statements or descriptions in the application for the policy are deemed representations and· not warranties, which will not avoid a recovery, when untrue, unless material.

APPEAL by defendant from *Lyon, J.,* at January Term, 1920, of NASH.

The plaintiff, the beneficiary, seeks to recover upon a certificate issued upon the life of her late husband, by the defendant, a fraternal benefit association. The insured, in his application, stated he did not use and had never used opiates, morphine, cocaine, or other narcotics, and there was evidence tending to show that both before and after that date he had used those articles. The jury found a verdict in favor of the plaintiff for $600, with interest from the death of the insured. Appeal by defendant.

*Finch & Vaughan for plaintiff.*
*Cowper, Whitaker & Allen and F. S. Spruill for defendant.*

CLARK, C. J. Rev., 4808, provides: "All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed and held representations and not warranties; nor shall any representation, unless material or fraudulent, prevent a recovery on the policy." In *Daughtridge v. R. R.,* 165 N. C., 193, the Court upheld this statute, citing numerous cases.

The defendant asked the court to charge that Rev., 4808, "has no application whatever to the defendant in this action, for that the defendant is a fraternal benefit society, and is not governed by the general regulations above cited, which apply only to the general life insurance companies." The court declined to so charge, and instructed the jury that said section did apply to this defendant, and the defendant excepted. This presents the only point in the case.

The defendant contends that Rev., 4794, provides that "Nothing in the general insurance laws, except such laws as are applied to *fraternal orders,* shall be construed to extend to benevolent associations, incorporated under the laws of this State that only levy an assessment on the members to create a fund to pay the family of the deceased member and

make no profit therefrom, and do not solicit business through agents." But that section does not apply to this defendant, which is not a fraternal order as defined in Rev., 4795, but is a "fraternal benefit society," for Rev., 4794 (above cited), was expressly amended by Laws 1913, ch. 46, by adding "Such benevolent association providing death benefits in excess of $300 to any one person, or disability benefits not exceeding $300 in any one year to any one person, or both, shall be known as 'fraternal benefit societies'; and those providing benefits of $300 or less shall be known as 'fraternal orders.'" The evident intent and effect of the act of 1913 was to group this defendant as a fraternal benefit society as distinguished from a fraternal society, which latter are restricted to those associations whose death benefits do not exceed $300. The societies like this providing benefits in excess of said amount are designated as fraternal benefit societies, and come under the general provisions of Rev., 4808, as the court charged.

Besides, the protection of the said section exempting fraternal associations from Rev., 4808, applies only to associations, in the language of the section, "incorporated under the laws of this State," whereas, the defendant is "incorporated under the laws of another State."

Under the plain provisions of the statute, we find in the instruction of the court

No error.